Pat Lundvall (NVSBN 3761)
McDonald Carano LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Tel: (702) 873-4100
plundvall@mcdonaldcarano.com

James V. Masella, III (pending admission *pro hac vice*)
Jesse A. Townsend (pending admission *pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Tel: (212) 336-2000
jmasella@pbwt.com
jtownsend@pbwt.com

*Attorneys for Defendants Robert Lee, Steven Roberts, Edward Yew, Jon Tondeur, and Brian Morales and Nominal Defendant Zoompass Holdings, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VALERIE KLUGE, Derivatively on behalf of Nominal Defendant, ZOOMPASS HOLDINGS INC., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT LEE, STEVEN ROBERTS, EDWARD (TED) YEW, JON TONDEUR AND BRIAN MORALES, <br><br> Defendants, <br><br> and <br><br> ZOOMPASS HOLDINGS, INC. <br><br> Nominal Defendant., | Case No. 2:17-cv-02578-APG-CWH <br><br> **STIPULATION AND ORDER CONCERNING SERVICE OF PROCESS AND STAYING PROCEEDINGS** |

WHEREAS Plaintiff Valerie Kluge filed her Complaint on October 4, 2017 in which she alleged, among other things, breaches of fiduciary duty, unjust enrichment, and waste of corporate

assets derivatively on behalf of Nominal Defendant Zoompass Holdings, Inc. (the "Nominal Defendant") against Defendants Robert Lee, Steven Roberts, Edward Yew, Jon Tondeur, and Brian Morales (collectively, the "Individual Defendants," and together with the Nominal Defendant, the "Defendants");

WHEREAS pending before the United States District Court for the District of New Jersey is *Patel v. Zoompass Holdings, Inc.*, 2:17-cv-03831 (the "Securities Class Action"), a putative class action alleging violations of the Securities Exchange Act of 1934 and regulations promulgated thereunder;

WHEREAS the parties to the Securities Class Action have stipulated that the plaintiff shall file an Amended Complaint on or before November 20, 2017 and that the defendants shall answer, move, or otherwise respond to said Amended Complaint on or before 60 days from the filing of the Amended Complaint;

WHEREAS Plaintiff's Complaint in the above-captioned matter alleges certain misconduct that is similar to the misconduct alleged in the Securities Class Action; and

WHEREAS Plaintiff, the Individual Defendants, and the Nominal Defendant wish to promote the efficient and orderly administration of justice by coordinating this derivative action with the above-captioned derivative matter with the Securities Class Action while simultaneously litigating the Securities Class Action.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the Plaintiff, the Individual Defendants, and the Nominal Defendant. that:

(1) The undersigned counsel for the Individual Defendants hereby accept service of the Complaint filed in the above-captioned matter on behalf of all Defendants, including the Individual Defendants, as of the date set forth below;

(2) By authorizing their counsel to accept service on their behalf, the Individual Defendants waive any and all objections to the absence of a summons or of service, but do not waive any other defense, objection, or ground for dismissal that they may

have otherwise raised in response to this action, including but not limited to any objection to the Court's jurisdiction or venue of the action.

(3) All activity in the above-captioned matter shall be stayed, and the Defendants shall need not answer, move, or otherwise respond to Plaintiff's Complaint, or any amended complaint, during the pendency of the stay;

(4) Should any of the Defendants produce during the pendency of the stay any documents to any plaintiffs in the Securities Class Action, to any plaintiffs in any related derivative actions, or to any purported shareholders who made a books and records demand, Defendants will produce to Plaintiff a copy of the same documents, subject to the parties entering into a confidentiality agreement and/or protective order;

(5) During the pendency of the stay, Defendants shall include Plaintiff in any mediation and any formal settlement talks with the plaintiffs in the Securities Class Action and shall include Plaintiff in any mediation and any formal settlement talks with any plaintiff in any related derivative lawsuit;

(6) Plaintiff may lift the stay of the above-captioned matter at any time by (i) making a request to the Court, and (ii) by transmitting notice to counsel for the nominal defendant via e-mail at the e-mail addresses listed below;

(7) Defendants shall promptly notify Plaintiff of any related derivative lawsuits that any of them become aware of;

(8) During the pendency of the stay, Plaintiff may amend the Complaint;

(9) The Individual Defendants and the Nominal Defendant shall answer, move, or otherwise respond to Plaintiff's Complaint, or instead the operative amended complaint, if any amended complaint has been filed, within sixty (60) days after they receive a request to lift the stay, except as described in Paragraph 11, *infra*;

(10) Should any other derivative case be filed in any forum subsequent to the above-captioned matter that alleges and seeks relief from the same or similar alleged misconduct as that alleged in the above-captioned matter, the Individual Defendants

and the Nominal Defendants shall either agree to, or move for, a stay of said later-filed action;

(11) Should a later-filed action such as is described in Paragraph 10, supra, not be stayed, Plaintiff in the above-captioned matter may lift the stay of the above-captioned matter by following the requirements of Paragraph 6, *supra*, but in such circumstance the Individual Defendants and the Nominal Defendant shall answer, move, or otherwise respond to Plaintiff's Complaint, or instead the operative amended complaint, if any amended complaint has been filed, within twenty (20) days after they receive a request to lift the stay; and

(12) Should any other derivative case be filed in any forum that alleges and seeks relief from the same or similar alleged misconduct as that alleged in the above-captioned matter, the Individual Defendants and the Nominal Defendant shall never move to stay the above-captioned action in deference to the later-filed action.

Dated: November 17, 2017.

MCDONALD CARANO, LLP

By: /s/ Pat Lundvall
Pat Lundvall, Esq. (NVSBN 3761)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Tel: (702) 873-4100
Lundvall@mcdonaldcarano.com

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE
Dated: November 21, 2017.

PATTERSON BELKNAP WEBB & TYLER LLP
James V. Masella, III
Jesse A. Townsend
1133 Avenue of the Americas
New York, New York 10036
Tel: 212-336-2000
Fax: 212-336-2222
jmasella@pbwt.com
jtownsend@pbwt.com

*Attorneys for Defendants Robert Lee, Steven Roberts, Edward Yew, Jon Tondeur, and Brian Morales and for Nominal Defendant Zoompass Holdings, Inc.*

ALBRIGHT, STODDARD, WARNICK & ALBRIGHT

By: /s/ G. Mark Albright
G. Mark Albright, Nevada Bar No. 1394
801 S. Rancho Dr., Suite D4
Las Vegas, NV 89106
Tel: (702) 384-7111
Fax: (702) 384-0605
gma@albrightstoddard.com

FARUQI & FARUQI, LLP
Stuart J. Guber *(pro hac vice)*
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
sguber@faruqilaw.com

Nina M. Varindani *(pro hac vice)*
685 Third Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
nvarindani@faruqilaw.com

*Attorneys for Plaintiff*

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT